CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 15 2006

JOHN F. GORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CARL A. EUBANKS,<br>    Petitioner, | )<br>)<br>)  Civil Action No. 7:06cv00107<br>) |
| v. | )  **MEMORANDUM OPINION**<br>) |
| TERRY O'BRIAN, WARDEN<br>    Respondent. | )  By: Samuel G. Wilson<br>)  United States District Judge |

Petitioner Carl A. Eubanks, a federal inmate proceeding pro se, brings this action pursuant to 28 U.S.C. § 2241. Eubanks was convicted in the District Court of South Carolina of armed bank robbery, possession of a firearm by a convicted felon, and use of a firearm in the commission of a crime of violence. The court ultimately sentenced Eubanks to three concurrent life sentences followed by a period of supervised release. Eubanks now claims that the imposition of a term of supervised release following his life sentences was unconstitutional.

Ordinarily, a petition pursuant to 28 U.S.C. § 2255, not 28 U.S.C. § 2241, is the appropriate vehicle for challenging the imposition of a sentence,[1] unless a petition pursuant to 28 U.S.C. § 2255 is "inadequate and ineffective" for that purpose. In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). A petition pursuant to § 2255 is "inadequate and ineffective" to challenge the imposition of a sentence only when 1) settled law established the legality of the conviction or sentence at the time imposed; 2) after the prisoner has completed his appeal and first § 2255 motion, a change in substantive law renders the conduct for which the prisoner was convicted no longer criminal; and 3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law made retroactively applicable to cases on collateral review. Id. Eubanks has

---

[1] See U.S. v. Little, 392 F.3d 671, (4th Cir. 2004) ("[An] attack on the execution of [a] sentence and not a collateral attack on [a] conviction . . . [is] properly brought under 28 U.S.C.A. § 2241.").
    "A habeas petition under § 2241 must, however, be filed in the district in which the prisoner is confined." In re Jones, 226 F.3d at 332 (citing 28 U.S.C. § 2241(a)).



not alleged that a change in the law rendered the behavior for which he was convicted legal; therefore, relief under § 2255 is not "inadequate and ineffective," and he may not resort to § 2241. Accordingly, the court dismisses Eubanks' § 2241 petition.[2]

**ENTER**: This 16th day of February, 2006.

_____
UNITED STATES DISTRICT JUDGE

---

[2]Moreover, Eubanks' claim is meritless because the sentencing court was statutorily authorized to impose a period of supervised release. See 18 U.S.C. § 3583(a).

2